# Sellick v. Pennsylvania Contracting Company, Appellant.

*Negligence—Master and servant—Vice principal.*

In an action by an employee against his employer to recover damages for personal injuries, the case is for the jury where the testimony of the plaintiff corroborated by two witnesses, but flatly contradicted by two witnesses for the defendant, tends to show that at the time of the accident plaintiff was working in a reasonably safe place with reasonably safe appliances, but that the foreman who had full charge

of fifteen or sixteen men, of whom the plaintiff was one, directed the plaintiff to put hooks on a stick of timber which was to be hoisted, and that while plaintiff was adjusting the hooks, the foreman gave a premature signal to the engineer of the hoisting engine with the result that plaintiff was severely injured.

Argued March 1, 1913.    Appeal, No. 137, April T., 1913, by defendant, from judgment of C. P. Allegheny Co., April T., 1909, No. 1,172, on verdict for plaintiff in case of Frederick R. Sellick v. Pennsylvania Contracting Company.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500.    Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John A. Metz*, with him *W. Clyde Grubbs*, for appellant.—The questions arising here have been decided in two recent opinions by this court: Feeney v. Abelson, 49 Pa. Superior Ct. 163, and Ready v. Smith & Furbush Machine Co., 51 Pa. Superior Ct. 294.    This case is absolutely controlled and ruled by them.

*Don Rose*, with him *Roy Rose*, for appellee.—Kelly v. Bower Chemical Mfg. Co., 239 Pa. 555, rules this case.

OPINION BY ORLADY, J., October 13, 1913:

The plaintiff recovered a verdict of $500 in the court below as damages for injuries received by him while he was handling heavy timbers used in a river improvement work which was being done by the defendant company.

The general manager of the company was A. M.

Bowman, who employed the plaintiff, and placed him under the direction and charge of a Mr. Fulton, as the foreman of work on the ground, and on the resignation of this officer, under one Al. Rarick, who was substituted for Fulton and he had full charge of fifteen or sixteen men. During the progress of the work and while he was engaged under the personal direction of Rarick, in literally obeying his instructions, the plaintiff was injured.

There is no substantial dispute in the testimony in determining the controlling facts. Bowman, the general manager, stated to the plaintiff, when Fulton quit the service of the company—"From this on you will receive your orders from Al. (Rarick)." The government inspector had condemned one of the timbers and ordered that it be removed to the pile of culls, when Rarick gave this plaintiff the order, "Lay down your axe and come over and put the hooks on this, I have to throw it out on the pile." In directing this particular work, Rarick placed himself on top of a pile of lumber where he could have in view, the engineer in charge of the hoisting machinery, and also the plaintiff. Owing to intervening objects the plaintiff could not see the hoist engineer. A stick of timber twelve by twelve by sixteen feet long was to be moved and Rarick directed the plaintiff to "put the hooks on that," which was done and on a signal from the plaintiff to Rarick, he (Rarick) transmitted the signal with his hand to the hoist engineer "to take it up." This was done, but the hooks slipped off, and the timber fell back on the framing table. Rarick signaled the engineer to stop and directed the plaintiff to "hook her on again." At this critical moment, while the plaintiff was adjusting the hooks and fastening them to the timber, Rarick gave a premature signal to the engineer, who applied the power and the timber was unexpectedly "shot up endways about three feet." In trying to get off from it the plaintiff, to avoid being thrown off, "grabbed the wire

rope. above the sheave which caught his hand and se-
riously injured it." At this instant, Rarick was stand-
ing in full view of the engineer and the plaintiff, and
gave the signal to start the engine. These facts do not
depend alone on the testimony of the plaintiff, as he
was corroborated in every essential detail by Parrish and
Bell, though as directly contradicted by Rarick and
Price, another employee of the defendant.

It is conceded that Sellick was working in a reason-
ably safe place with reasonably safe appliances, but it
is contended that these were changed into a place of
great peril by the negligent act of Rarick in giving the
premature signal, which caused the accident.

From the defendant's own version of the facts there
can be no doubt of Rarick's authority and superinten-
dence of the work. It was for the jury to say whether
he created the dangerous situation. He was not a
fellow servant with the plaintiff, but his boss or foreman
by personal direction of the general manager. At most
there were but two witnesses on each side who described
the accident, and their respective versions of it, and the
question of their credibility were fairly submitted to the
jury in an adequate charge.

The appellant has omitted to print the charge of the
court in his paper-book, and while we do not quash the
appeal for that omission it must not be taken for a pre-
cedent that we will overlook or condone such a flagrant
violation of our rules.

The judgment is affirmed.